# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION PENDING REVOCATION HEARING** |
| v. | |
| **TOREY JAMES BLACKAMORE** | Case Number: **1:06-CR-247** |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

   ☐ an offense for which the maximum sentence is life imprisonment or death.

   ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

   ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was initially summoned in on a hearing for a modification of conditions of supervision to his failure to attend Moral Reconation Therapy. Before the hearing could be held, he tested positive for cocaine on April 2, 2015. A positive test result was found at both the regional facility in Missouri and the national facility in Louisiana. A second specimen was taken on April 6th which also tested positive regionally, but the national test result has not been returned. Therefore it cannot be determined at this point whether (continued on attachment)

## Part II – Written Statement of Reasons for Detention

Plaintiff has failed to show by clear and convincing evidence that he is not a risk of flight or a danger to the community. It appears his behavior has been slipping, as reflected by his loss of employment, his subsequent absences from the MRT program and his more recent use of cocaine. At this time, he does not appear to be able to conform his conduct to the requirements of supervised release without some sort of structured environment. Of course, if defendant is able to show by independent testing that he did not use cocaine, as he contends, the Court would have to (continued on attachment)

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 23, 2015          /s/ Hugh W. Brenneman, Jr.
                               *Signature of Judicial Officer*

                               Hugh W. Brenneman, Jr., United States Magistrate Judge
                               *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Torey James Blackamore
1:06-CR-247
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.


**Alternate Findings (B) -** (continued)

the April 6th specimen reflects a new use of cocaine.  Defendant denies any use of cocaine and believes he must have been near someone else who had used it.  His father and fiance were in the courtroom to lend support.  Defendant lost his job in February 2014.


**Part II - Written Statement of Reasons for Detention -** (continued)

conclude the situation was not deteriorating as fast as it appears to be.